**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : **COMPLAINT**<br> : **CIVIL ACTION NO.**<br> : <br> : <br> : |
| and | : <br> : |
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : <br> : <br> : <br> : <br> : |
| Plaintiffs, | : <br> : <br> : |
| v. | : <br> : |
| PERFORMANCE ELEVATOR CONTRACTORS, INC.<br>1965 W 5th Street<br>Azusa, CA 91702, | : <br> : <br> : <br> : <br> : |
| JASON BONILLA<br>1965 W 5th Street<br>Azusa, CA 91702, | : <br> : <br> : <br> : <br> : |
| and | : <br> : <br> : |

| | |
|---|---|
| JENNIFER BONILLA | : |
| 1965 W 5th Street | : |
| Azusa, CA  91702, | : |
| | : |
| Defendants. | : |

## COMPLAINT

**(TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT; FOR EQUITABLE RELIEF; AND FOR BREACH OF FIDUCIARY DUTY)**

## Parties

1.      The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      The National Elevator Industry Health Benefit Fund ("Health Benefit Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Health Benefit Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Health Benefit Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2

3.     The National Elevator Industry Educational Fund ("Educational Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).   The Educational Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.   The Educational Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.   The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.     The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a.  The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5.     The Elevator Constructors Annuity and 401(k) Retirement Fund ("Annuity 401(k) Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity 401(k) Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Annuity 401(k) Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.     Performance Elevator Contractors, Inc. ("Performance Elevator"), is a California business existing under California laws with offices located at 1965 W 5th Street, Azusa, CA 91702.

7.     Performance Elevator transacts business in California as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

8.     At all relevant times, Performance Elevator was and is signatory and bound to the Agreements between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association ("Collective Bargaining Agreements") by virtue of its Short Form Agreement.

9.     Jason Bonilla, is an officer and owner of Performance Elevator, and resides at 1965 W 5th Street, Azusa, CA  91702.

10.     At all relevant times, Jason Bonilla exercised control and discretion over the assets of Performance Elevator, including, but not limited to, decisions regarding the collection of receivables for Performance Elevator, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by Performance Elevator's employees, and the amounts to be paid to the Plaintiffs.  Accordingly, Jason Bonilla is a fiduciary to the Pension Fund, Health Benefit Fund, Educational Fund, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

11.     Jennifer Bonilla, is an officer and owner of Performance Elevator, and resides at resides at 1965 W 5th Street, Azusa, CA  91702.

12.     At all relevant times, Jennifer Bonilla exercised control and discretion over the assets of Performance Elevator, including, but not limited to, decisions regarding the collection of receivables for Performance Elevator, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by Performance Elevator's employees, and the amounts to be paid to the Plaintiffs.  Accordingly, Jennifer Bonilla is a fiduciary to the Pension Fund, Health Benefit Fund, Educational Fund, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

13.     During the period of January 1, 2015 to the present, the Defendant Performance Elevator employed employees performing work covered by the Collective Bargaining Agreement.

### Jurisdiction

14.     This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a).  This is an action to collect amounts due to employee benefit plans pursuant to an audit and under the terms of the Collective Bargaining Agreements, to collect the outstanding contributions and other amounts from the owner individually, to enjoin the violations of the terms of the employee benefit plans, for breach of fiduciary duty, and for appropriate equitable relief.

15.     Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Employee Benefit Plan Plaintiffs are located and administered.

16.     This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (AMOUNTS OWED TO PLAINTIFFS FOR UNPAID CONTRIBUTIONS PURSUANT TO A PAYROLL AUDIT)

17.     The Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 16 as if fully set forth in Count I.

18.     Pursuant to the Collective Bargaining Agreements, Defendants agreed to pay to the Plaintiffs certain sums of money for each hour worked by Defendants' employees covered by the Collective Bargaining Agreements.

19.     In February 2018, the certified public accounting firm of Daniel A. Winters & Co. first determined that amounts were owed to the Plaintiffs for unreported work performed from January 1, 2015 through June 30, 2017.  The Plaintiffs were not aware that amounts were owed to them by the Defendants prior to that time.

20.     Defendants employed certain employees covered by the Collective Bargaining Agreements, but failed to report or pay the amount when due to the Plaintiffs for all work performed by all employees in various months from January 1, 2015 through June 30, 2017 as required by the Collective Bargaining Agreements, Short Form Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust in the amount of $99,549.50.

21.     The Collective Bargaining Agreements, Short Form Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

22.     The Collective Bargaining Agreements, Short Form Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees, court costs and audit fees.

## COUNT II

### (FOR BREACH OF FIDUCIARY DUTY)

23.     The Benefit Fund Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 22 of Count I as if fully set forth in Count II.

24.     The Defendants Jennifer Bonilla and Jason Bonilla executed the Short Form Agreement on May 11, 2016, agreeing to be bound to the terms of the Collective Bargaining Agreement and the Plaintiffs' Restated Agreements and Declarations of Trust.

25.     The Defendants Jennifer Bonilla and Jason Bonilla were and are responsible for creating and operating Performance Elevator and determining the total amount of employer contributions to report and pay to the Plaintiffs from Performance Elevator's assets.

26.     Defendants Jennifer Bonilla and Jason Bonilla commingled assets of Performance Elevator payable to the Plaintiffs with the general assets of Performance Elevator and used those assets for purposes other than to pay the Plaintiffs.

27.     Defendants Jennifer Bonilla and Jason Bonilla exercised authority and control over the Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

28.     The amounts due, unreported and unpaid by Defendant Performance Elevator, are assets of the Plaintiffs as established in the Collective Bargaining Agreement and the Benefit Funds' Restated Trust Agreements.

29.     The factual contentions in Paragraphs 10, 12, 18, and 24 through 28 of this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I and II as follows:

1. That the Court find the Defendant Performance Elevator LLC liable in the amount of contributions, interest, liquidated damages, attorney's fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit from January 1, 2015 through June 30, 2017.

2. That the Court find Defendants Jason Bonilla and Jennifer Bonilla jointly and severally liable in the amount of contributions, interest, liquidated damages, attorney's fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit from January 1, 2015 through June 30, 2017;

3. To enter judgment against the Defendants Performance Elevator  and Jason Bonilla in the amount of reasonable attorney's fees and costs incurred by the Plaintiffs in bringing this action;

4. For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: <u>July 16, 2019</u>

<u>s/ Andrew Kelser</u>
Andrew Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 600
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996